IN RE PETITION OF JOHN H. ELLEGOOD, GEORGE R. ELLEGOOD, and of THE PEOPLES NATIONAL BANK OF LAUREL, to Draw Money out of Court.

1.  STATUTES—ACT GIVING LANDLORD PREFERENCE OVER EXECUTION FOR RENT BASED ON ENGLISH STATUTE AND GIVEN SAME CONSIDERATION.

*Rev. Code* 1915 § 4595, providing that, if goods of a tenant upon the demised premises be seized under execution, the landlord shall be paid one year's rent out of the proceeds of the sale of the goods before anything shall be applied to the process was based on St. 8 *Anne*, *c.* 14, § 1, and must be given the same construction as was given the English statute.

2.  LANDLORD AND TENANT—PREFERENCE FOR RENT UNDER EXECUTION AGAINST TENANT'S GOODS EXISTS ONLY DURING CONTINUANCE OF TENANCY.

The preference given a landlord for rent by *Rev. Code* 1915, § 4595, out of proceeds of the sale under execution of his tenant's goods seized upon the demised premises, exists only where the tenancy was in existence at the time of the seizure under execution, and a landlord cannot claim such preference where the goods were seized upon the leased premises after the termination of the tenancy by agreement of the parties, though one year's rent was still unpaid.

3.  LANDLORD AND TENANT—RIGHT TO DISTRAIN PROPERTY SEIZED UNDER EXECUTION DOES NOT AFFECT CONSTRUCTION OF STATUTE GIVING PRIORITY OF RENT.

The fact that *Rev. Code* 1915 § 4573, permits a landlord to distrain for rent though property has been levied on under execution does not affect the construction of *section* 4595, giving priority for rent in distributing the proceeds of the tenant's goods under execution as similar to the English statute, though under the English law there could be no distress of property in the hands of the court.

(*October* 31, 1921)

RICE and HARRINGTON, J. J. sitting.

*Charles W. Cullen* for John H. and George R. Ellegood.
*Frank M. Jones* for The Peoples National Bank of Laurel.

Superior Court for Sussex County, October Term, 1921.

Thomas H. and Elmer R. Riggin, on the 22nd day of October, 1917, leased from John H. and George R. Ellegood, for five years, from January 1, 1918, a tract of land near Delmar, at an annual rental of $1242.50; the rent being payable in equal installments on or before the 15th day of August and the 31st day of December in each year. By mutual consent of the lessors and lessess this lease was terminated December 31, 1920, at which time the Riggins owed to the Ellegoods the whole of the 1920 rent. On the 16th day of February, 1921, the personal property of the Riggins was seized under execution process issued on a judgment of The Peoples National Bank of Laurel, and said property was sold on the 16th day of April, 1921. At the time of the seizure and sale of said personal property, it was on the premises which the Riggins had formerly leased from the Ellegoods. The proceeds of said execution sale were claimed both by the Ellegoods, because of the 1920 rent due them, and by The Peoples National Bank of Laurel, the creditor on whose execution said personal property was sold. On the application of the sheriff the fund in dispute was paid into this court, and this case arises on cross-petitions of the Ellegoods and of The Peoples National Bank of Laurel, to draw it out.

HARRINGTON, J., delivering the opinion of the Court:

The question to be determined is whether the Ellegoods are entitled to a preference of the one year's rent due them out of the proceeds of the execution sale of the goods and chattels of the Riggins. The answer depends upon the construction of *Sec.* 4595, *Rev. Code*, 1915. This statute is as follows:

"If goods and chattels of a tenant being upon premises held by him by demise under a rent of money, be seized by virtue of any process of execution * * * the said goods and chattels shall be liable for one year's rent of said premises, in arrear, or growing due, at the time of said seizure, in preference to such process; accordingly the landlord shall be paid such rent (not exceeding one year's rent) out of the proceeds of the sale of such goods and chattels, before anything shall be applicable to such process".

[1] While differing somewhat from it, this Act is undoubtedly based on the statute of 8 *Ann.* Chapter 14, *Sec.* 1 of the statute of 8 *Ann* provides:

Opinion.

"No goods or chattels  *  *  *lying or being in or upon any messuage, lands etc. * * * which are or shall be leased for a life or lives, term of years, at will, or otherwise, shall be liable to be taken by virtue of any execution * * * unless the party at whose suit the execution is sued out shall before the removal of such goods off the premises by virtue of such execution, pay to the landlord of said premises all such sums of money as shall be due for rent for the premises at the time of the taking of such goods or chattels by virtue of such execution, providing said arrears do not amount to more than one year's rent    *    *    *    ".

It will be noticed that this statute apples to "goods or chattels ***lying or being in or upon lands*** which are or shall be leased"; providing that the execution creditor before removing such goods, etc. shall pay to the "landlord of said premises all such sums of money as shall be due for rent for the premises at the time of the taking of such goods".

Our statute applies to "goods and chattels of a tenant being upon premises held by him by demise under a rent of money"; providing that the "landlord" shall be preferred to the extent of one year's rent due, or growing due, out of the proceeds of the execution sale. The language of *Sec.* 4597, *Rev. Code*, 1915, applying to share rents, is similar to the section applying to money rents.

[2] While the English statute has always been construed liberally in favor of the landlord ( *Woodfall on Landlord and Tenant, Star page* 491), its purpose was not to prefer rent for the maxiumm period of one year under all circumstances and conditions. At the time it was passed, property in the custody of the law could not be distrained on; and property levied on was in that class. The statute was intended to protect the landlord against executions issued against the tenant, through his fraud or collusion, and for the purpose of defeating the landlord's right to distrain. *Taylor on Landlord and Tenant, Sec.* 600; *Woodfall on Landlord and Tenant, Star page* 491; *Taylor v. Tuegan,* 6 *Bing.* 536.

The words "leased", "landlord" and "rent", in the English statute, have a well-defined legal meaning. In other words, the statute of 8 *Ann* does not apply where there is no existing tenancy when the goods on the property are seized under execution process, no matter what the prior relation between the owner of the property and the defendant in the execution had been. This construc-

tion of the statute of Ann has long been settled. In *Woodfall on. Landlord and Tenant, Star page* 492, the author, in referring to Chapter 14, *Section* 1 of that Act, says:

"The Act only applies to a subsisting tenancy, and the landlord's statutory right to be paid arrearages of rent ceases on determination of the lease".

To the same effect see *Chitty's Pleading, Vol.* 2, *Page* 818, Note: *Taylor on Landlord and Tenant,* § 598; *Cox v. Leigh, L. R. Q. B.* (1873), 333; *Hodgson v. Gascoigne,* 5 *B. & Ald.,* 89 (106 *English Reprint,* 1126); *Risley v. Ryle,* 10 *M. &. W.,* 101; *Geiger's Adm'r v. Harman's Exc'r,* 3 *Gratt (Va.)* 125.

[3] If this be the construction placed by the English courts on the statute of 8 *Ann,* it follows that the language of our statute is so similar that the same construction must necessarily apply here. It is true that our statute (*Sec.* 4573, *Rev. Code,* 1915) permits a landlord to distrain for rent, though property has been levied on under execution process. This fact, however, cannot affect the plain meaning of a statute copied in the main from *Chapter* 14, *Section* 1 of 8 *Ann;* nor can the fact that our statute also applies to rents growing due, make any difference in its construction. There can be no rents growing due if no tenancy exists at the time of the seizure on execution process. That *Section* 4595, *Rev. Code,* 1915, was not intended to prefer the owner of lands and premises under all circumstances, is shown by the fact that our Court has held that, in order for that statute to apply, there must be a demise on a fixed rent, and the mere fact that the occupant may be liable to the owner of the premises for use and occupation, is not sufficient. *Farmers Bank v. Cole,* 5 *Harr.* 418.

The sole question, under the facts of this case, being whether a tenancy existed at the time of the issuance of the execution against the Riggins, the fact that the goods and chattels belonging to them, and levied on thereunder, were still on the premises which they had formerly leased of the Ellegoods, is in no sense material. It will also be noticed that the levy was not made within the statutory period in which goods and chattels may be followed in distress proceedings (*Sec.* 4557, *Rev. Code,* 1915). The question

that might have been raised by such facts was, therefore, neither considered nor passed on by this court.

The necessary conclusion is, that John H. Ellegood and George R. Ellegood are not entitled to a preference of the year's rent due them from Thomas H. and Elmer R. Riggin; but that, on the contrary, The Peoples National Bank of Laurel is entitled to the benefit of its execution process, without any deductions for rent.