USE OF MORRIS SCHWARTZMAN *v.* JOSEPH H. GOULD and MARYLAND CASUALTY COMPANY, a corporation of the State of Maryland.

(*May* 3, 1932.)

PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.

*William Prickett* for plaintiff.

*Harry P. Joslyn* for defendants.

Superior Court for New Castle County, Action of debt, No. 169, November Term, 1922.

Other facts appear in the opinion of the Court.

PENNEWILL, C. J., delivering the opinion of the court:

This is a suit on Sheriff's bond. The material facts may be stated as follows:

The defendant sheriff sold, on execution process, the personal property of Louis H. Green, tenant on premises owned by Peter F. Cassidy, on April 25, 1921; on that date there was no rent in arrear; the lease under which the tenant held the premises had, at the time of this sale, about twenty months to run; at the sheriff's sale the landlord bought in the lease, and on the same day took possession of the premises; the sheriff's return, made to the following term of court, showed that the sheriff, after paying the costs, had applied the balance of the proceeds of the sale to the landlord's claim for one year's rent growing due.

The defendant's demurrer to the plaintiff's rejoinder raises the question, whether a landlord is entitled to priority for a year's rent growing due when at the sale of his ten-

ant's property he purchases the residue of the term and immediately enters into possession of the premises.

The statute giving the landlord priority is as follows:

1915 *Code*, § 4595. "If goods and chattels of a tenant being upon premises held by him by demise under a rent of money, be seized by virtue of any process of execution, attachment, or sequestration, the said goods and chattels shall be liable for one year's rent of said premises, in arrear, or growing due, at the time of said seizure, in preference to such process; accordingly the landlord shall be paid such rent (not exceeding one year's rent) out of the proceeds of the sale of such goods and chattels, before anything shall be applicable to such process."

The plaintiff contends that the landlord was entitled to rent growing due only up to the sale of the lease and the purchase thereof by the landlord. This contention is based on the proposition that the landlord's preference for rent growing due ceased with his purchase of the lease, and its consequent determination.

It is argued that if this be not so the landlord, by buying the unexpired term and taking possession of the leased premises, would have and enjoy, not only the rent for the remainder of the term but also the lands for which his tenant was to pay rent; that the statute providing for the landlord's preference does not contemplate such an unequitable preference.

The defendant cites in support of his contention, *In re Ellegood*, 1 *W. W. Harr.* (31 *Del.*) 529, 116 *A.* 127, 128, and *Gause v. Richardson*, 4 *Houst.* 222. In the first case the Court, when discussing the statute of 8 *Ann.*, said:

"The act only applies to a subsisting tenancy, and the landlord's statutory right to be paid arrearages of rent ceases on determination of the lease."

Under the statute of Ann. the landlord was entitled to a preference for rent in arrears only.

The Court also said:

"There can be no rents growing due if no tenancy exists at the time of the seizure on execution process. * * * The sole question, under the facts of this case, being whether a tenancy existed at the time of the * * * execution [etc.]."

What the Court held in that case was, that the landlord was not entitled to be paid rent growing due, unless the relation of landlord and tenant existed at the time of seizure.

In the case now before the Court such relation did exist at the time of seizure. This is not denied. But the plaintiff insists that there can be no rent growing due after the termination of the lease, and that there is a termination or extinguishment of the lease when it is sold on an execution against the tenant and bought in by the landlord, as was done in the present case.

The only case that supports plaintiff's contention is the above mentioned case of *Gause v. Richardson, 4 Houst.* 222, in which the material facts were apparently similar to those in the present case. In the *Gause Case* it was argued, in behalf of the execution creditor, as it is here, that when the landlord purchased the term at sheriff's sale and took possession of the premises, the leasehold was entirely extinguished, which would not have been so if any other person had purchased it. It was said to be like a case where the landlord had accepted a voluntary surrender of the lease from the tenant on the day of the sale but before the leasehold was sold.

The landlord, in that case, based his right to the year's rent growing due on the general language of the statute. The Court, without opinion, ordered a certain part of the proceeds of sale to be paid to the landlord for rent growing due up to the time of the sale by the sheriff.

The landlord in the present case relies on the statute, and the case of *McIntire v. Barkley, 5 Houst.* 148, which is clearly opposed to the decision in the *Gause Case*. There was a brief opinion in the *McIntire Case*, in which the court, after stating the provisions of the statute, said:

"We do not consider the case of *Gause v. Richardson* sustains the claim of the plaintiff in this case. * * * 'The words of the statute are general and comprehensive and without any qualification

or exception, and we consider the provisions of it just read applies to and embraces this case. The case cited and referred to [*Gause Case*], we think, must be confined to the facts which appear in that case.' "

But we think the two cases are inconsistent and irreconcilable. They were based on facts practically similar and the conclusion reached in the later case was the reverse of that reached in the earlier one.

The *McIntire Case* should, in our opinion, be followed unless the Court is convinced that the decision is erroneous. We are not so convinced; on the contrary, in view of the language of the statute we are unable to see how any other conclusion could have been reached. If both cases should be disregarded, because of conflict, and the question raised treated as a new one, as the plaintiff insists should be done, we would be of the opinion that a year's rent growing due was payable by the sheriff, in the present case, out of the proceeds of the sale of the tenant's goods and chattels on the premises held by him, but not from the sale of the unexpired term, which is not "goods and chattels being on the premises," within the meaning of the statute.

The plaintiff argues as was done in the *Gause Case*, that when the lease is bought by the landlord it is the same as though it was voluntarily surrendered by the tenant and accepted by the landlord. But practically there is this marked difference: If the lease is surrendered the landlord gets it without paying anything for it. If it is sold under execution process against the tenant, and the landlord is the purchaser, he pays for it.

The demurrer will be sustained.