In Re Petitions of HENRY HOOPES and of the INDUSTRIAL TRUST COMPANY (a corporation of the State of Delaware) TO DRAW MONEY OUT OF COURT.

(*June* 20, 1938.)

HARRINGTON and RICHARDS, J. J., sitting.

*Franklin Brockson* for Henry Hoopes.

*John B. Jester* for The Industrial Trust Company.

Superior Court for New Castle County, No. 648, March Term, 1937.

HARRINGTON, J., delivering the opinion of the Court:

The stock of goods and merchandise of the tenant of a store in the City of Wilmington was levied on by the Sheriff under execution process on April 28th, 1937, and was subsequently sold by him on that writ on December 15th, 1937.

The tenant in question held the store occupied by her under a written lease from Henry Hoopes, the owner, for three years from February 25th, 1936, at an annual rental of $3600.00, payable in advance, at the rate of $300 per month. At the time the goods of the tenant were seized under execution process, one month's rent, which had accrued on April 25th, 1937, was due the landlord. After the levy had been made that month's rent was not only paid to the landlord by the tenants, but they, also, paid him the subsequent six months' rent up to and including October 25th, 1937. Under the petitions filed, the question for us to determine, therefore, is whether Mr. Hoopes, the landlord, is entitled to a year's rent out of the proceeds of the Sheriff's sale, in preference to The Industrial Trust Company, the execution creditor, or whether he is merely entitled to $1800, being one year's rent, less the payments made by the tenant for the six months following the seizure of their store goods on execution process.

At common law, property levied on under an execution was in the custody of the law; by reason of that fact they could not be seized by the landlord in distress proceedings for the collection of rent, though due and payable. *In re Ellegood,* 1 *W. W. Harr.* (31 *Del.*) 529, 116 *A.* 127; 1 *Wood. on Land. and Ten., star page* 491. Collusive and fraudulent executions were, therefore, frequently issued against tenants to defeat the landlord's right to distrain for his rent. *In re Ellegood,* 1 *W. W. Harr.* (31 *Del.*) 529, 116 *A.* 127; *Wood. on Land. and Ten., star p.* 491.

*The Statute of 8 Anne, Chapter 14, Section 1* was enacted to, at least, partially protect landlords against such collusive executions. That statute, in substance, provided that before goods of the tenant, levied on under execution process, could be removed from the demised premises, the plaintiff in the writ should pay to the landlord the rent due "at the time of the taking of such goods or chattels by virtue of such execution, providing such arrears do not amount to more than one year's rent." *In re Ellegood,* 1 *W. W. Harr.* (31 *Del.*) 529, 116 *A.* 127; 1 *Wood. on Land. and Ten.,* star *p.* 491. That statute was always construed liberally in favor of the landlord (1*Wood. on Land. and Ten., star p.* 491; *In re Ellegood,* 1 *W. W. Harr.* (31 *Del.*) 529, 116 A. 127), but it applied only to rent due. *In re Ellegood,* 1 *W. W. Harr.* (31 *Del.*) 529, 116 *A.* 127; 1 *Wood. on Land. and Ten., star p.* 491; *Tiff. on Land. and Ten., Sect.* 183.

In this State, by statute, the goods of a tenant, though previously seized under execution process, can now be destrained on for rent due the landlord. *In re Ellegood,* 1 *W. W. Harr.* (31 *Del.*) 529, 116 *A.* 127; *Rev. Code* 1935, § 5028.

But *Section 5050* of the *Revised Code* of 1935, nevertheless, provides: "If goods and chattels of a tenant being upon premises held by him by demise under a rent of money, be seized by virtue of any process of execution, attachment, or sequestration, the said goods and chattels shall be liable for one year's rent of said premises, in arrear, or growing due, at the time of said seizure, in preference to such process; accordingly the landlord shall be paid such rent (not exceeding one year's rent) out of the proceeds of the sale of such goods and chattels, before anything shall be applicable to such process."

Our statute is, therefore, broader than the *Statute of 8 Anne,* as when the goods and chattels of a tenant, on

premises held by him, by demise under a money rent, are seized on execution process, they are liable in preference to such process "for one year's rent of said premises in arrear, or growing due at the time of said seizure."

Under the language of that statute, it is apparent that the date of the seizure under execution process, and not the date of the issuance of the writ, is the material date to consider. *Woolley's Del. Pract., Sect.* 1075. In other words, the landlord's preference out of the proceeds of the sale of the tenant's goods and chattels on the demised premises is either for "one year's rent * * * in arrear or (for one year's rent) growing due at the time of said seizure". See *Gause v. Richardson,* 4 *Houst.* 222, 225; *State, to Use of Adams, v. Vandever,* 2 *Harr.* 397; *Hopkins v. Simpson,* 3 *Houst.* 90.

On April 28th, 1937, when the tenant's goods were seized on execution process, rent was growing due up to February 25th, 1939, and the landlord, therefore, claims that the payments made by the tenants after April 28th, 1937 do not affect his preferential rights in the proceeds of the execution sale. The language of the statute is broad and comprehensive, and does not expressly limit the landlord's rights to one year's rent growing due immediately following the seizure of the tenant's goods on execution process. The words "at the time of the said seizure" must be construed liberally in favor of the landlord, and therefore, do not have that effect. It is true that, by reason of the payments made by the tenants, after April 28th, 1937, even under the contention made by the execution creditor, the landlord would receive a full year's rent, but he would not receive it entirely from the proceeds of the execution sale.

After deducting the payments made by the tenant prior to October 25th, 1937, more than one year's rent was still growing due, and our conclusion, therefore, is that

Mr. Hoopes, the landlord, is entitled to claim a full year's rent, or $3600.00, out of the proceeds of the execution sale.

An order will be signed in accordance with this opinion.