E. I. DuPont de Nemours and Company,

. *vs.*

George R. Clark, S. Gilbert Pierce, Elwood S. Leach, Levy Court Commissioners of New Castle County, Albert B. Connor, Plumbing Inspector for New Castle County, and John F. Tidwell, Building Inspector for New Castle County.

*New Castle, January 14, 1952*

314

*Hugh M. Morris* and *George T. Coulson,* of Morris, Steel, Nichols & Arsht, for plaintiff.

*William S. Satterthwaite,* for defendants.

BRAMHALL, VICE CHANCELLOR: Plaintiff now has under construction in Mill Creek Hundred, New Castle County, Delaware, an office building which is to be used and occupied by plaintiff in the furtherance of its business. Defendants have notified plaintiff that building and plumbing permits are required for the construction of the building and that such permits must be obtained in order for it to proceed. On November 8, 1951 a restraining order was issued by this court restraining the defendants from interfering with the construction of the building or from attempting to assume any jurisdiction with respect thereto.

Plaintiff contends that it is specifically exempted by the statute requiring a building permit because: (1) it is an industrial concern and the use by it of said office building is an industrial use; (2) that it is "built by industrial concerns for the use of their employees and not for sale."

The authority of the defendants is based upon the building code and the plumbing code regulating the erection of properties and the installation of plumbing and heating in what is known as the Wilmington Metropolitan Area. The pertinent section of the building statute is found in *Section 17* of *Chapter 111, Laws of Delaware, 1944-45, Vol. 45, p.* 393, and is as follows:

"The provisions of this Act shall not apply to structures necessary to the operation of farm lands nor to properties located within any incorporated City or Town in New Castle County nor to properties used for industrial purposes nor to individual owners of properties who desire to do their own work, as contemplated by this Act, in and about his own home occupied by such owner, and which is not for sale; provided, however, that such individual owner shall, before beginning any such work, obtain a permit from the County officer or inspector having supervision of such work and otherwise comply with reasonable rules and regulations promulgated with respect to such work where the same is to be done by such individual owner, owning his own property."

The pertinent section of the plumbing code found in *Chapter 112 of Vol. 45, Laws of Delaware, 1944-45, p.* 395, is as follows:

"The provisions of this Act shall not apply to plumbing or plumbing work in or on structures necessary to the operation of farm lands, nor to properties located within any incorporated City or Town in New Castle County nor to properties used for industrial purposes, nor to properties built by individual concerns for the use of their employees and not for sale, nor to individual owners of properties who desire to do their own plumbing or plumbing work in and about his own homes, occupied by the said owner and not for sale; provided, however, that such individual owners shall, before beginning any such work, obtain a permit from the County officer or inspector having supervision of such work and otherwise comply with reasonable rules and regulations promulgated with respect to such work where the same is to be done by such individual owner, owning his own property."

The issues here involved are very narrow and are determined by what is considered to be the meaning of the words "used for industrial purposes" and the words "properties built by individual concerns for the use of their employees and not for sale." It is agreed by the parties that the word "individual" was intended to be "industrial." At the argument it was not disputed by plaintiff that the words "used for industrial purposes" referred to the actual use to which the property in question was to be placed. The questions for determination therefore are narrowed down to:

(1) Do the words "properties built by industrial concerns for the use of their employees and not for sale" include the building in question?

(2) Does the building in question come within the exemption of the building code as "used for industrial purposes?"

1. Is the property of the plaintiff being constructed for the use of its employees and not for sale within the meaning of the exemption? To determine this question it is necessary first to consider the statute as a whole in order to ascertain what was the legislative intent. The purpose of the act is to regulate and control, among other things, water and sewer systems, building and house draining systems and gas lines. For this purpose the Legislature has attempted to set

up a general plumbing code for the area designated and has provided for the supervision by the plumbing inspectors of all work done within the area. However, in the enforcement of the provisions of the act, the following are exempted or excepted from its operation: (1) structures necessary to the operation of farm lands, (2) properties located within an incorporated city or town, (3) properties used for industrial purposes, (4) properties built by industrial concerns for the use of their employees and not for sale, (5) individual owners of properties who desire to do their own work.

The building in question will be an office building for the use of the plaintiff, an industrial concern, in the furtherance of its business affairs. Plaintiff contends that the use of the building by its employees, in the course of their employment by plaintiff, places the building within this exemption. I cannot agree with this contention. If the interpretation of the exemption or exception should be as broad as contended by plaintiff, all business properties built by an industrial concern in which employees are employed might be exempt from the operation of this act. This, to a large extent, would nullify the purpose of this act. While in a sense occupied by the employees of the plaintiff, the building will actually be used by these employees in the course of their employment by plaintiff. I interpret the word "use" as employed in this clause as referring to the use by the employees for their benefit or for their enjoyment or advantage and not to the use of the building by the employees in the course of their employment by plaintiff. The word "use" is frequently interpreted to mean benefit or advantage when justified by the language of the statute. *Webster's International Dictionary*, 2d ed.; *State ex. rel. Edwards v. Millar*, 21 *Okl.* 448, 96 *P.* 747, 753. This interpretation is a natural one, reasonably inferred from the language of the act. No further construction is necessary. I therefore conclude that the property of plaintiff does not come within this exemption.

2. I next consider the meaning of the words "used for industrial purposes." It is conceded by plaintiff that these

words refer to the use to which the property is put rather than the type of business in which the plaintiff is engaged. I agree with this conclusion. The only question remaining, therefore, is the narrow one of whether or not the office work which will be carried on in the building in the furtherance of plaintiff's business constitutes an industrial use within the meaning of this exemption.

Plaintiff contends that the word "industrial" has a broad meaning and includes the use to which the building is to be placed. It is true that this word has been given various meanings. Some definitions can be found to sustain the contention of either party. Admittedly, in many instances it has been given a general and inclusive meaning. However, its construction in any case will depend upon what was the intent of the Legislature as ascertained from the interpretation of the act as a whole. *Crawford's Statutory Construction, Sec.* 165, *p.* 258; *Terry v. Stull,* 19 *Del.Ch.* 412, 168 *A.* 251. The ascertainment of its strict primary signification is not as important as the sense in which it was used by the legislative body. Each part or section must be construed along with every other part in order to carry into effect the legislative intent. *Harlee v. Federal Finance Corporation,* 4 *W.W. Harr.* 345, 152 *A.* 596. The duty of the court is to give to the word of a statute a reasonable and sensible meaning, having in mind its intent and purposes: *Petition of Hoopes,* 1 *Terry* 126, 5 *A.2d* 653-659. It is a familiar policy in the construction of the terms of a statute to take into consideration the meaning naturally attaching to them from the context and to adopt that sense of the word which best harmonizes therewith. Indeed, it is unsatisfactory, in construing a statute, to take a few words from its context, and with them thus isolated, attempt to determine their meaning as these words were used in the act. *United States v. American Trucking Ass'n.,* 310 *U.S.* 534, 60 *S.Ct.* 1059, 84 *L.Ed.* 1345.

In the exceptions to the act in question all agricultural pursuits and all property located within an incorporated city or town are exempt from the operation of this act.

If the words "used for industrial purposes" should be given the interpretation which plaintiff contends, there would be very few office buildings coming within the purview of the act. In effect, other than residences, there would be little or nothing remaining which would come under its provisions. To that extent the purpose of the act would become largely ineffective. It cannot be presumed that the Legislature intended such result. See *McDonald v. Wasson,* 188 *Ark.* 782, 67 *S.W. 2d* 722; *Crawford's Statutory Construction, Sec.* 177, *p.* 286.

The act is an act for the public welfare. The clause in question constitutes a limitation of its scope. Such limitations, in the absence of a clear intent to the contrary, are usually strictly construed and any doubt would be resolved against the exception. *Crawford's Statutory Construction, Sec.* 299, *p.* 609.

In acts of this nature words are frequently used in contradistinction to other words, as, for example, the word "commercial" in contradistinction to the word "residential." The plain reading of the statute would indicate that the word "industrial" was used in contradistinction to the words "residential" and "commercial." In view of the apparent purpose of the act, I conclude that the Legislature in the use of the words "used for industrial purposes," as used in this act, did not contemplate that this exemption would include the office building of the plaintiff.

I therefore conclude that the property of the plaintiff is not property used for industrial purposes within the intent and meaning of the statutes in question.

An appropriate order will be issued upon notice.

Reversed and remanded for further proceedings in conformity with opinion reported *post p.* 527, 88 *A. 2nd* 436.